UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BONITA I. JOHNSTON,

    Plaintiff,

v.                                                            CASE NO: 8:07-cv-179-T-26EAJ

MORTON PLANT MEASE HEALTHCARE, INC.,

    Defendant.
_____/

**O R D E R**

Before the Court is Plaintiff's Motion to Remand (Dkt. 4), and Defendant's Memorandum in Opposition. (Dkt. 10). After careful consideration of the motion, response, and applicable law, the Court concludes that only a partial remand is warranted.

**Background**

Plaintiff Bonita I. Johnston filed her Complaint in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, against Defendant Morton Plant Mease Healthcare, Inc. (Morton Plant) alleging four counts: count I— violation of the Florida Workers' Compensation Law, section 440.205, Florida Statutes (FWCA); count II— violation of the Florida Civil Rights Act, section 760.01 et. seq., Florida Statutes (FCRA); count III— violation of the Americans with Disabilities Act, 42 U.S.C. § 12111, et. seq. (ADA); and count IV— violation of the Family and Medical Leave Act, 29

U.S.C. § 2601 et seq. (FMLA). (Dkt. 2). Defendant removed the federal claims on the basis of 28 U.S.C. § 1441(b), which provides generally for removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." (Dkt. 1). The state law claims were removed on the basis of this Court's supplemental jurisdiction. See 28 U.S.C. § 1367.

The complaint alleges that Plaintiff is substantially limited in one or more major life activities, having the impairment of spina bifida, a birth defect. Plaintiff alleges that she was working as a charge nurse for Morton Plant and was injured on the job in 2005, for which she filed a workers' compensation claim pursuant to the FWCA. Plaintiff claims that she received medical clearance to return to work; however, Morton Plant refused to permit her to return to work as a charge nurse. This situation led Plaintiff to file charges of discrimination with both the Florida Commission on Human Relations and the Equal Employment Opportunity Commission.

In the first count, Plaintiff alleges that Morton Plant discharged, threatened to discharge, intimidated, or coerced her because she filed a workers' compensation claim. The second count alleges that Morton Plant refused to accommodate Plaintiff's request for reasonable accommodation related to her handicap, which she made pursuant to the FWCA. The third count asserts the same allegations for recovery under the ADA. The fourth count alleges that Plaintiff notified Morton Plant of her serious health condition

which required leave and she was retaliated against for taking leave protected under the FMLA.

## Issues

This case involves two state claims (FWCA and FCRA) and two federal claims (ADA and FMLA).  The first issue concerns whether a retaliatory claim under the FWCA is unequivocally non-removable under 28 U.S.C. § 1445(c), which provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  In other words, the Court must determine whether a retaliatory claim "arises under" the FWCA.  Assuming the FWCA claim "arises under" the workers' compensation laws of Florida and is therefore not removable, the next issue is whether this Court nevertheless possesses supplemental jurisdiction over the state law FWCA claim based on its original federal question jurisdiction over the ADA and FMLA claims..  Finally, if section 1445(c) does bar exercise of supplemental jurisdiction over the FWCA claim, then the question becomes whether partial remand is permitted— remanding only the FWCA claim, while retaining jurisdiction over the two federal question claims (ADA and FMLA) and the remaining state law claim under the FCRA.

## Retaliatory Claim under FWCA

Morton Plant argues that a retaliation claim under FWCA does not necessarily "arise under" the workers' compensation law of Florida.  If this particular claim does not

"arise under," then section 1445(c)'s bar against removal does not apply. Section 440.205 of the Florida Statutes provides as follows:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

Although this particular Florida statute has not been interpreted with regard to section 1445(c), the Eleventh Circuit has construed Alabama's workers' compensation statute. See Reed v. Heil Co., 206 F.3d 1055, 1059-60 (11th Cir. 2000). The Reed court held that a retaliatory discharge claim under Alabama's workers' compensation law "arises under" the workers' compensation statute, thereby precluding removal as mandated by section 1445(c).

Nevertheless, Morton Plant argues that the Florida workers' compensation law is not exactly the same as Alabama's and therefore does not necessaril. For example, under Alabama law, a general release of a workplace injury claim automatically bars a subsequent retaliatory discharge action, whereas under Florida law, such a general release does not necessarily release a retaliatory discharge claim. In Florida, the general release operates as a bar depending on the claimant's intent to release the retaliatory claim. See Borque v. Trugreen, 389 F.3d 1354, 1358 (11th Cir. 2004) (relying on Florida case law and workers' compensation statute for the premise that a simple reference to rights and benefits under workers' compensation laws is insufficient to waive a claim for retaliatory discharge "without evidence of intent by claimant to do so"). Even though this modicum

of a distinction exists between the case law of the two states, it is not enough to tip the scales in favor of a finding that retaliatory discharge claims do not "arise under" the workers' compensation laws of Florida.

Morton Plant also urges this Court to look to the legislative history of section 1445(c), which explains that one of the reasons for precluding removal of workers' compensation claims is maintaining the viability of state statutes that contain summary procedures for settling workers' compensation claims. Florida does not implement a summary procedure for retaliatory claims, and hence, Morton Plant argues, Florida law does not provide a basis for hindering removal to the federal courts. First, this Court need not look to the legislative history of section 1445(c) when the statutory language is clear. See Reed, 206 F.3d at 1060 n. 3 (holding that "section 1445(c)'s language is clear" and therefore the legislative history need not be studied). Second, even considering the legislative history and the fact that Florida does not implement a summary procedure for retaliatory claims, the Eleventh Circuit has made it clear that prohibiting removal of workers' compensation claims promotes section 1445(c)'s "apparent purpose of limiting the workload of the federal courts." Reed, 206 F.3d at 1060 n.3. Accordingly, the Court does not find Morton Plant's argument on this point persuasive, and finds that count I "arises under" the Florida workers' compensation laws for purposes of barring removal.

**Supplemental Jurisdiction**

Morton Plant relies on 28 U.S.C. § 1367(a) to assert that this Court must exercise supplemental jurisdiction over "all other claims that are so related to claims in the action

-5-

. . . that they form part of the same case or controversy" unless one of the statutory exceptions applies. Congress, by statute in 28 U.S.C. § 1445(c), has expressly provided that claims "arising under" the workers' compensation laws shall not be removed. Hence, this Court has no supplemental jurisdiction over the FWCA claim.

### Partial versus Whole Remand

Finally, Plaintiff argues that this Court must remand the entire four-count complaint rather than merely count I under the FWCA. The Court disagrees. The Reed case provides support for remanding only those claims which must be remanded by statute and retaining jurisdiction over the pending federal claims as well as the FCRA state claim pursuant to the exercise of supplemental jurisdiction.[1] Based on the authority of Reed and the federal statutes governing jurisdiction, the Court remands only count I.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Motion to Remand (Dkt. 4) is **GRANTED** as to count I of Plaintiff's Complaint and **DENIED** as to counts II, III, and IV of Plaintiff's Complaint.

(2) Count I of Plaintiff's Complaint is hereby severed and remanded to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida.

---

[1] While recognizing another Court of the Middle District held otherwise in Durhams v. TSE Industries, Inc., Case no. 8:03-cv-455-T-30MAP, and distinguished Reed, this Court finds that Reed and the federal statutes governing jurisdiction provide ample authority for retaining jurisdiction of all but the first count.

    (3)    Counts II, III, and IV shall remain before this District Court for resolution.

    (4)    The Clerk is directed to remand only count I to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida.

**DONE AND ORDERED** at Tampa, Florida, on February 20, 2007.

        s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record